**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dorond Alfred BRAY, Defendant—
Appellant.**

No. 02–30049.
D.C. No. CR–01–00059–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 25, 2002.*

Decided Oct. 24, 2002.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Dorond Alfred Bray pled guilty to carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d); and armed credit union robbery, in violation of 18 U.S.C. § 2113(a)(d). He was sentenced to 120 months' imprisonment for the robbery offenses, plus the mandatory 60 months for the firearm offense. He contends on appeal that the district court erred in adding six points to his criminal history for his three juvenile adjudications for auto theft.

We review de novo a district court's determination that a prior conviction should be counted for criminal history purposes under the Sentencing Guidelines. *United States v. Lopez–Pastrana*, 244 F.3d 1025, 1027 (9th Cir.2001).

U.S.S.G. §§ 4A1.1(b) and 4A1.2(d) require that two points be added to a defendant's criminal history "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." When Bray was sentenced, he had three juvenile adjudications for vehicle thefts. Each involved a sentence of confinement for more than 60 days, and his release from confinement in each case was within five years of his carrying a firearm in the attempted robbery of Seafirst Bank. Although Bray was sentenced for his first and third vehicle thefts on the same day, each of the three thefts involved a different car stolen on a different day, and for each theft Bray received a separate four-year commitment to the California Youth Authority. The thefts were not related. *See* U.S.S.G. § 4A1.2, Application Note 3 (prior sentences are not related if they are separated by an intervening arrest, did not occur on the same occasion, were not part of a common scheme, or were not consolidated for trial or sentencing). The district court was correct in adding two points for each of the three vehicle thefts for a total of six criminal history points.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.